UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1829 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On November 9, 2016, plaintiff's complaint was dismissed with leave to file an amended complaint. In response to that order, plaintiff filed an amended complaint on November 21, 2016 (ECF No. 25).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 Cir. 1989); Franklin, 745 F.2d at 1227.

6      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
9 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
11 this standard, the court must accept as true the allegations of the complaint in question, Hospital
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 McKeithen, 395 U.S. 411, 421 (1969).

15      The court has reviewed plaintiff's amended complaint.  Despite the directions given to
16 plaintiff when plaintiff's original complaint was dismissed, the amended complaint still does not
17 state a claim upon which relief can be granted and is essentially incoherent.  Accordingly,
18 plaintiff's amended complaint must be dismissed.  The court will grant plaintiff one more
19 opportunity to attempt to state a claim upon which relief can be granted.  If plaintiff elects to file
20 a second amended complaint, he must adhere to all of the instructions given in the court's
21 November 9, 2016 order.

22      Plaintiff is once again informed that the court cannot refer to a prior pleading in order to
23 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
24 complaint be complete in itself without reference to any prior pleading.  This is because, as a
25 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
26 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original
27 pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as
28 in an original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

Finally, the court notes that after plaintiff filed his amended complaint, plaintiff filed several other documents which are mostly incoherent as well. All outstanding motions and requests will be denied and plaintiff shall not file anything further with the court until the court has had an opportunity to review plaintiff's second amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

2. All outstanding motions and requests are denied.

3. Plaintiff is granted thirty days to file a second amended complaint that complies with the requirements of the court's November 9, 2016 order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

4. Failure to comply with any term of this order will result in a recommendation that this action be dismissed.

Dated: January 4, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
star1829.14(2)